[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10654
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00002-WLS-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH W. JORDAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 27, 2014)

Before HULL, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Wiley Jordan appeals his convictions for conspiring to "knowingly and corruptly give, offer and promise anything of value to any person with intent to influence and reward an officer, director, employee, and agent of a financial institution in connection with any business or transaction of such institution" ("bank bribery"), in violation of 18 U.S.C. §§ 215(a)(1) and 371 (Count 1), and for three substantive counts of bank bribery, in violation of 18 U.S.C. § 215(a)(1) (Counts 3-5). The indictment specified that the object of the conspiracy was to obtain funds from Southwest Georgia Farm Credit ("SWGFC") by fraud and to divert the proceeds to the conspirators. Count 3 alleged that Jordan had paid $7,500 to Larry Malone, the former Chief Lending Officer at Southwest Georgia Farm Credit ("SWGFC"), while Counts 4 and 5 alleged that Jordan had paid Malone two separate payments of $25,000.

At trial, the government presented evidence that, during the relevant time period, Jordan obtained five different loans from SWGFC, and Jordan made four different payments to Malone, some of which occurred on the same day the loans were disbursed from SWGFC to Jordan. Malone testified that he had approached Jordan with the idea that SWGFC would pay referral fees to Jordan for customers that Jordan brought into the bank, and that Jordan would split those payments with Malone. The evidence indicated that Jordan paid Malone the $7,500 in Count 3 as part of this agreement. The government also presented evidence that Malone later

2

approached Jordan and requested two $25,000 loans, the subjects of Counts 4 and 5, and that Jordan loaned Malone the money. Malone testified that Jordan had suggested including the $50,000 in the loans that Jordan obtained from SWGFC, which they did. At an unspecified point in time, Jordan told Malone that Malone did not need to pay the loans back, and that instead Malone could help him with future loans. The jury convicted Jordan on Counts 1, 3, 4, and 5. Jordan moved for a Fed.R.Crim.P. 29 judgment of acquittal, but the district court denied the motion, concluding that there was sufficient evidence for the jury to have convicted Jordan.

On appeal, Jordan argues that there was insufficient evidence to sustain the convictions against him because the government did not establish that (1) he had acted corruptly, (2) that he had intended to influence or reward Malone, or (3) that the payments were in connection with SWGFC business. Moreover, Jordan argues that, because the indictment charged that the object of the conspiracy was to defraud SWGFC, the government was required to prove that he had committed honest-services fraud, which it failed to do.[1]

We review *de novo* the district court's denial of a Rule 29 motion for judgment of acquittal, viewing the evidence in the light most favorable to the

---

[1] Finally, Jordan asserts for the first time in his reply brief that the district court plainly erred by not charging the jury with the elements of honest services fraud, but we will not address this argument because issues raised for the first time in a reply brief are not properly before us. *See United States v. Lopez*, 649 F.3d 1222, 1246 (11th Cir. 2011) (noting that arguments raised for the first time in a reply brief are not properly before a reviewing court).

government and drawing all reasonable inferences in favor of the jury's verdict. *United States v. Hunt*, 526 F.3d 739, 744 (11th Cir. 2008).  The evidence is sufficient to sustain a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 745 (emphasis in original).  This standard does not require the evidence to be "inconsistent with every reasonable hypothesis other than guilt."  *Id.*  We permit the jury to choose from several reasonable conclusions that could be drawn from the evidence.  *Id.* Reasonable inferences from circumstantial evidence can support the conviction. *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir.), *cert. denied*, 134 S. Ct. 145 (2013).

Section 215(a)(1) of Title 18 of the U.S. Code criminalizes the actions of anyone who "corruptly gives, offers, or promises anything of value to any person, with intent to influence or reward an officer, director, employee, agent, or attorney of a financial institution in connection with any business or transaction of such institution."  18 U.S.C. § 215(a)(1).  We have not addressed in a published decision the elements required to sustain a conviction under this provision.  Nevertheless, in other contexts, we have held that to act corruptly means that the defendant "voluntarily and deliberately engaged in unlawful conduct."[2]  *United States v.*

---

[2]     To the extent that Jordan argues that there was insufficient evidence of his dishonest purpose, his argument is without merit.  The district court expressly charged the jury: "To act 'corruptly' means to act voluntarily, deliberately, and dishonestly for a wrongful purpose of

*Nelson*, 712 F.3d 498, 512 (11th Cir. 2013) (determining that the jury instructions in a case involving honest-services fraud and federal-funds fraud were proper, in part, because they correctly instructed the jury as to the definition of "corruptly").

Under Section 371 of Title 18 of the U.S. Code, individuals are prohibited from conspiring to commit any offense against the United States. 18 U.S.C. § 371. To sustain a conviction under § 371, the government must prove (1) the existence of an agreement to achieve an unlawful objective, (2) the defendant's knowing and voluntary participation in such an agreement, and (3) the commission of an overt act in furtherance of the agreement. *United States v. Broughton*, 689 F.3d 1260, 1277 (11th Cir. 2012). An indictment that specifically refers to the statute on which the charge was based adequately informs the defendant of the charge against him. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) (addressing the sufficiency of the indictment). To sustain a conspiracy conviction, the government does not have to prove that the conspirators achieved their goal. *United States v. Campa*, 529 F.3d 980, 1006 (11th Cir. 2008).

There was sufficient evidence to support Jordan's convictions on the substantive counts because the evidence at trial established that Jordan corruptly gave something of value to a bank officer, Malone, with the intent to influence or

---

either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by any unlawful methods or means." Jordan does not challenge the jury instruction. We conclude that there is ample evidence to support the jury's verdict.

reward Malone in connection with SWGFC business.  With regard to Count 3, the government presented sufficient evidence for a reasonable jury to conclude that the elements of the statute had been met.  Specifically, Jordan "corruptly gave" something of value to Malone because Jordan voluntarily and deliberately engaged in prohibited conduct when he knowingly agreed to share the referral fee and intentionally wrote the check to Malone.  Next, the evidence supported a finding that Jordan intended to, at minimum, reward Malone by splitting the referral fee.  Specifically, Malone developed the idea to give Jordan a referral fee, and Jordan's agreement to share those fees with Malone was sufficient for the jury to conclude that Jordan intended to reward Malone for ensuring that Jordan received the referral fees at all.  Finally, the evidence supported a finding that Jordan intended to reward Malone in connection with SWGFC's business, as (1) the funds were paid from SWGFC to Jordan, and (2) the referral fees ostensibly were created to reward Jordan for bringing in additional business to SWGFC.  Accordingly, there was sufficient evidence for a reasonable jury to convict Jordan on Count 3.

There was also sufficient evidence for a reasonable jury to convict Jordan of Counts 4 and 5.  Specifically, the evidence supported the finding that Jordan "corruptly gave" something of value to Malone because Jordan voluntarily and deliberately engaged in prohibited conduct, including that (1) Jordan agreed to pay Malone the two payments of $25,000; (2) Jordan suggested including the $25,000

6

to increase the total amount of the loans that he obtained from SWGFC; and (3) Jordan suggested that Malone not pay him back for the alleged loans, and, instead, that Malone provide Jordan with benefits in future loans.  Malone's testimony demonstrates that, when Jordan offered to forgive Malone's debt, he did so with the intent to influence Malone in future loan transactions, given Jordan's express request for benefits on future loan packages.  Finally, Jordan intended to influence Malone in relation to bank business because he specifically requested better rates and loan structures.  Accordingly, there was sufficient evidence for a reasonable jury to convict Jordan on Counts 4 and 5.

There was also sufficient evidence for a reasonable jury to conclude that Jordan was guilty of conspiracy to commit bank bribery in Count 1.  As an initial matter, Jordan's argument that the government was required to prove that he committed honest-services fraud is misplaced.  The government was not required to establish the elements of honest-services fraud in this case because the indictment did not charge Jordan with conspiring to commit that crime.  Instead, the indictment clearly alleged that Jordan conspired with Malone to violate § 215(a)(1), which prohibits bank bribery.  The indictment did not allege that Jordan conspired to commit fraud within the meaning of another statute.  Although the indictment indicated that the object of the conspiracy was to defraud SWGFC, the language in the indictment, including the quoted language from § 215(a)(1) and the

citation to § 215(a)(1), sufficiently established the government's intent was to charge Jordan only with conspiring to commit bank bribery.  Moreover, any argument that the government did not meet its burden of proof because it did not establish that Jordan and Malone actually defrauded SWGFC fails because (1) the government is not required to prove that the defendant fulfilled the object of the conspiracy, only that Jordan committed an overt act toward the object of the conspiracy; and (2) the government established that Jordan took steps toward defrauding SWGFC, including by paying Malone and offering to forgive his debt.

Therefore, the government was required only to prove the elements of conspiracy, which, as described above, are that (1) there was an agreement to achieve an unlawful objective, (2) Jordan knowingly and voluntarily participated in such an agreement, and (3) Jordan committed an act in furtherance of that agreement.  There was sufficient evidence to support the conspiracy verdict because there was evidence that Malone and Jordan agreed to commit an unlawful act, namely, bank bribery, given Malone's testimony that Jordan agreed to pay him the referral fees, loan him the two $25,000 payments, and forgive that debt in exchange for better treatment at the bank.  Second, Jordan entered into the agreement deliberately and voluntarily, as Malone testified that Jordan agreed both to split the referral fees and to give him the loans, that Jordan had suggested that Malone include the amount of money he wanted in the loans from SWGFC, and

8

that Jordan suggested that he would forgive Malone's debts if Malone helped him obtain better loan rates in the future.  Finally, Jordan took an overt step toward the completion of the conspiracy by, inter alia, giving Malone the various payments.  Accordingly, there was sufficient evidence to support the conspiracy conviction.  There was also sufficient evidence for a reasonable jury to conclude that Jordan and Malone conspired to commit the substantive counts.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[3]

---

[3]    Jordan's motion for expedited review is DENIED.